# UNITED STATES DISTRICT COURT
для the

Eastern District of Pennsylvania

_____ Division

| | |
|---|---|
| Milton Brugada Mateo <br><br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br> -v- <br><br> Brookfield Properties & <br> One Franklin Town Boulevard & <br> Sheriff of Philadelphia <br><br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. _____ <br> *(to be filled in by the Clerk's Office)* |

# EMERGENCY
## COMPLAINT AND REQUEST FOR INJUNCTION
## Action Needed by April 9, 2025

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Milton Brugada Mateo |
   | Street Address | One Franklin Town Blvd, #1712 |
   | City and County | Philadelphia |
   | State and Zip Code | Pennsylvania |
   | Telephone Number | 267-273-3519 |
   | E-mail Address | 1000tonbru@gmail.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1

Name: Brookfield Properties
Job or Title (if known): c/o Susan Kupersmith, Esq
Street Address: 100 South Broad Street, Ste 1208
City and County: Philadelphia, Philadelphia County
State and Zip Code: Pennsylvania 19102
Telephone Number: 267-761-5090
E-mail Address (if known): contact@KBKLawGroup.com

Defendant No. 2

Name: One Franklin Town Boulevard
Job or Title (if known): attn Crystal d'Antonio, General Manager
Street Address: One Franklin Town Blvd
City and County: Philadelphia, Philadelphia County
State and Zip Code: Pennsylvania
Telephone Number: 215-545-5556
E-mail Address (if known): crystal.dantonio@bpapartments.com

Defendant No. 3

Name: Sheriff of Philadelphia
Job or Title (if known): c/o Detective Jeffrey Hans
Street Address: 100 South Broad Street, 5th Floor
City and County: Philadelphia, Philadelphia
State and Zip Code: Pennsylvania 19110
Telephone Number: 215-285-4124 or 215-686-3542
E-mail Address (if known):

Defendant No. 4

Name:
Job or Title (if known):
Street Address:
City and County:
State and Zip Code:
Telephone Number:
E-mail Address (if known):

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

18 USC §983 "(1) A claimant under subsection (a) is entitled to immediate release of seized property if-- (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;"

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

    and has its principal place of business in the State of *(name)* _____

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

      b.    If the defendant is a corporation

          The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

          Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?
Philadelphia, Pennsylvania

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur?
From August 18, 2023 to the Present Day

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

On August 18, 2023, Agents from the FBI executed a Warrant for Forfeiture of up to $281,109.96 of the proceeds of sale of my condominium at 2401 Pennsylvania Avenue, #20B35, Philadelphia, PA 19130, even though I have never been accused, let alone convicted, of any crime in this or other matters. These funds have been held from that date until the present day in spite of my repeated attempts to claim them. The retention of those funds has prevented me from paying rent at One Franklin Town Blvd, Ste 1712, Philadelphia, PA 19103 since August 2024, I having exhausted all my other assets.

On March 3, 2025 the Landlord, Brookfield Properties, was authorized by the Landlord Tenant Court to EVICT me from my residence as from April 11, 2025 leaving me homeless in a country where I have no relatives or others who could provide even temporary shelter, no employment to provide adequate income to secure another residence, nor ability to obtain another residence due to having been evicted.

## IV. Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Since I have no assets, no job, and no credit and I would have a history of eviction for failure to pay rent, I would not be able to find alternative housing, and the waiting list for subsidized housing in Philadelphia is from ten to fifteen years according to Project HOME.

This is not only a physical hardship but damaging to my personal reputation on which I depend for occasional work as a graphic designer and photographer.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I ask only for the impending eviction proceedings to be halted until a determination is made as to the distribution of the seized funds ($281,109.96), which is presently expected by the end of summer 2025.

According to the Federal Regulations in regard to the distribution of seized assets, the order of priority of claimants is

1. Owner; 2. Lien holders; 3. Government agency lienholders; 4. Victims.

I have made two offers to the landlord to document the amounts owed to them in a "Landlord's Lien" which would place them in a high-priority position for recovery; but if my claim as owner prevails over theirs, I have committed to promptly paying the full amount of accrued arrears upon receipt of the seized funds.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 04/06/2025

Signature of Plaintiff

Printed Name of Plaintiff: Milton Brugada Mateo

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

AO 109 (Rev. 11/13) Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
## for the
### EASTERN DISTRICT OF PENNSYLVANIA

In the Matter of the Seizure of )
)
**SEIZURE OF UP TO $281,109.96** ) Case No. 23-MJ-1490
**OF PROCEEDS FROM THE** )
**SALE OF 2401 PENNSYLVANIA** )
**AVENUE, APT 20B35,**
**PHILADELPHIA, PA 19130, AT**
**CLOSING**

## WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property located in the Eastern District of Pennsylvania and elsewhere be seized as being subject to forfeiture to the United States of America. The property is described as follows:

**UP TO $281,109.96 OF PROCEEDS FROM THE SALE OF 2401 PENNSYLVANIA AVENUE, APT 20B35, PHILADELPHIA, PA 19130, AT CLOSING**

I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

**YOU ARE COMMANDED** to execute this warrant and seize the property on or before   September 1, 2023
                                                                                  _(not to exceed 14 days)_

X in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to

__Duty Magistrate Judge_____ .
        _(United States Magistrate Judge)_

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized _(check the appropriate box)_

☐ for_____days (not to exceed 30)    ☐ until, the facts justifying, the later specific date of_____.

Date and time issued:   August 18, 2023, at 11:04am    _/s/ Honorable David R. Strawbridge_____
                                                                                    _Judge's signature_

City and state:   Philadelphia, Pennsylvania_____    Hon. David R. Strawbridge, USMJ_____
                                                                                    _Printed name and title_



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

T. Francis Shields, President Judge   John J. Joyce, Deputy Court Administrator

\# LT-24-12-10-4013

| Plaintiff(s) | Defendant(s) |
|---|---|
| Kenneth S. Pesick Forest City Frnkln<br>1 Franklin Town Blvd<br>Philadelphia, PA 19102 | John Miller<br>AKA/DBA: and all other occupants<br>One Franklintown Blvd., Unit 1712<br>Philadelphia, PA 19103<br><br>Milton Brugada Mateo<br>AKA/DBA: and all other occupants<br>One Franklintown Blvd., Unit 1712<br>Philadelphia, PA 19103 |

**Property Address:** One Franklintown Blvd., Unit 1712, Philadelphia, PA 19103

SUSAN J KUPERSMITH
**Petitioner/Attorney**

**Attorney #** 052630

**Address & Phone**
100 SOUTH BROAD STREET SUITE 1208
PHILADELPHIA, PA 19102
267.761.5090

## ALIAS WRIT OF POSSESSION
### Eviction

**TO:** Sheriff of Philadelphia

(1) To satisfy the judgment of possession in the above matter you are directed to deliver possession of the following described property to:
Kenneth S. Pesick Forest City Frnkln

(2) To satisfy the debt and costs against:
John Miller
and all other occupants
Milton Brugada Mateo
and all other occupants

you are directed to levy upon any property and sell his/her/their interest therein of:
One Franklintown Blvd., Unit 1712, Philadelphia, PA 19103
No lockout before 3/29/25

| | | |
|---|---|---|
| **REAL DEBT** $ 18,375.22 | Eric Feder, Director, Office of Judicial Records | |
| **CREDIT** $ | **The Philadelphia Municipal Court** | |
| **INTEREST** | | |
| From 02/05/2025 $ | By _____ H. Murphy _____ | |
| **COSTS PAID:** | | *Clerk* |
| Prothonotary $ 11.60 | Date: 03/03/2025 | |
| LT Officer/Sheriff $ 45.00 | | |

176 (64) – 6/14/01

File no. _____

**Notice Concerning Personal Property Left in the Rental Property**
If you vacate the rental property and leave personal property behind in the rental property, you have ten days to contact your landlord about your intentions concerning the removal of that personal property. Your landlord is obligated to retain your personal property for thirty days if you make such a request within ten days of vacating the rental property. If no such request is made within the ten-day period, your landlord may dispose of the personal property at the end of the ten-day period. Additionally, you may be held responsible for the costs of removal or storage of your personal property after the landlord has the right to dispose of such property. Section 505.1 of the Landlord and Tenant Act of 1951 ("Act"), Act of April 6, 1951, P.L. 69, as amended, 68 P.S. § 505.1, which may be found at the following internet address:
http://legiscan.com/gaits/text/258789.

## ALIAS WRIT OF POSSESSION

### THE PHILADELPHIA MUNICIPAL COURT

LT CLAIM NO. LT-24-12-10-4013 , 03/03/2025

Kenneth S. Pesick Forest City Frnkln
1 Franklin Town Blvd
Philadelphia, PA 19102

*Plaintiff(s)*

John Miller, Milton Brugada Mateo

*Defendant(s)*

File No. _____

**Property Address:** One Franklintown Blvd., Unit 1712, Philadelphia, PA 19103

FOR USE ONLY WITH ALIAS

LANDLORD/AGENT TO BE RESPONSIBLE FOR GOODS LEFT ON PREMISES AND POSSESSION GIVEN AS COMMANDED WITHIN WRIT.

DATED:
BY LANDLORD/AGENT

# COUNTY AND CITY OF PHILADELPHIA
# PHILADELPHIA SHERIFF'S OFFICE
## CIVIL ENFORCEMENT UNIT



# EVICTION NOTICE

## SHERIFF NUMBER # 25003295

ONE FRANKLINTOWN BOULEVARD UNIT 1712 PHILADELPHIA, PA 19103

TO: JUDGMENT DEBTOR, MEMBERS OF THE JUDGMENT DEBTOR'S HOUSEHOLD, AND ANY OCCUPANTS RESIDING WITH THE JUDGMENT DEBTOR.

BY VIRTUE OF A *WRIT OF POSSESSION* OF REAL PROPERTY, A COPY OF WHICH IS ATTACHED,

YOU ARE ORDERED TO VACATE THE PREMISES DESCRIBED IN THE WRIT NOT LATER THAN:

## FRIDAY, APRIL 11, 2025 8:00AM

DETECTIVE JEFFREY HANS PHONE # 215-285-4124/ OFFICE # (215) 686-3542
CIVIL ENFORCEMENT PHONE # 215-686-3542 / FAX # 215-686-3555
100 S. BROAD STREET 5TH FLOOR, PHILADELPHIA, PA 19110

To:     Susan Kupersmith, Esq., KBK Law Group

From:  John A. Miller & Milton Brugada Mateo

Proposal to Avoid Unnecessary Eviction

    This is a proposal to avoid disruptive and possibly illegal[1] eviction of Milton Brugada Mateo and John A. Miller from One Franklin Town Blvd., Apt. 1712 due exclusively to their inability to pay rent since August 2024.  This is because the Federal Government has been and continues holding the proceeds of sale of Brugada Mateo's condominium in August 2023.  This matter continues to be litigated in U.S. District Court (Hon. Kelly B. Hodge) but the Government insists that the civil case cannot be heard until the criminal charges against Miller have been disposed of; at that point, expected to be in July or August of this year, any claims against the seized funds ($281,109.96) will be heard and distribution made according to this order of priority:  1. Innocent Owner 2. Non-Government Lien-holders 3. Government Lien-holders 4. Victims[2].

    Since August 2024, the Landlord has been accruing the unpaid rent charges of $2,598/month plus a ten percent late fee of $259.80 as well as various monthly utility charges (paid out of pocket by the landlord and reallocated to tenants) of about $90.00.  The total arrears at this point are $21,642.68.  Various legal proceedings have taken place, most recently a Judgement by Agreement in Municipal Landlord Tenant Court by which the tenants agreed to pay the arrears or vacate the unit.

    They are, however, unable to pay the acknowledged arrears until the seized funds are released by the District Court which, as noted above, maintains that it is impossible to release the funds until the criminal case against Miller has concluded and the final disposition of the seized funds has been decided.

---

[1] Section 983 of United States Code Title 18 prohibits "causing a person [reference is to an innocent owner of seized funds being held by the Government] to be subject to substantial hardship such as … leaving a person homeless."

[2] Per 28 C.F.R. §9.9(a) "Priority of payment. The Ruling Official shall direct the distribution of the remaining balance in the following order or priority, (1) Owners. (2) Lienholders. (3) Federal financial institution regulatory agencies. (4) Victims not constituting owners or lienholders."

If the eviction proceeds as scheduled on Friday, 11th April 2025, it will not be possible for the Landlord to recover any portion of the balance owed since the residents will still have no assets nor income other than Miller's Social Security Retirement Benefit (which cannot be attached); however, if this proposal is accepted and the scheduled and any present or future Eviction proceedings are withdrawn, when the criminal case has ended and Claims on the seized funds are heard, a Landlord's Lien for whatever the outstanding balance is at that time would be priority 2, second only to Brugada Mateo's claim as Innocent Owner. Therefore, if Brugada Mateo was awarded the funds, he would promptly pay the Landlord the full amount then owing; if for some reason Brugada Mateo's fully documented claim is *not* paid, then the Landlord's Priority 2 claim would be next in line for payment. To the best of the Tenants' belief, there are no other claims with superior priority, and only one Priority 4 claim which is based on as yet unsubstantiated allegations against Miller.

In the meantime, Brugada Mateo and Miller will pay the outstanding amount of previously mentioned Out of Pocket Utilities over a three- or four- month period and continue to pay those OOP Utilities on an ongoing monthly basis, thus accruing only the base rent which does not represent an OOP cost to the landlord. And, in the highly unlikely event that the final distribution of the $281,109.96 does not include payment to either Brugada Mateo or Landlord, the worst case is that Landlord writes off the unpaid arrears against income and re-lets the unit.

AN ALTERNATIVE PROPOSAL:

If the foregoing is not acceptable, Tenants propose an alternative to the planned Eviction process by which the Eviction would be cancelled, rent would continue to accrue while a graceful exit is carried ou, and the balance owed at that time would be documented by a Landlord's Lien which would still be paid when the funds are distributed.